No. 68,682

In The Matter of Don W. Lill, *Respondent.*

(845 P.2d 701)

Opinion filed January 22, 1993.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for petitioner.

*Michael C. Helbert,* of Helbert, Bell & Smith Chartered, of Emporia, argued the cause, and *Don W. Lill* appeared pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Don W. Lill, of Emporia, an attorney duly admitted to the practice of law in Kansas. A hearing panel of the Kansas Board for Discipline of Attorneys unanimously found a violation of Model Rules of Professional Conduct 1.3 (1992 Kan. Ct. R. Annot. 248) and 1.15 (1992 Kan. Ct. R. Annot. 281) in that Lill failed to act with reasonable diligence and promptness in representing a client and also failed to hold his clients' property separate from his own.

Russell and Vuanta Sterkel retained Lill to represent them in a Chapter 7 bankruptcy. On October 30, 1990, a hearing was held pursuant to 11 U.S.C. § 341 (1988) at which the bankruptcy trustee told Lill to send any tax refunds due and owing the Sterkels to her. On December 8, 1990, the trustee wrote to Lill requesting he provide her with copies of the 1990 state and federal tax returns and that he contact her if any refunds were due and owing the Sterkels.

In May 1991, the Sterkels provided a copy of their tax returns to Lill. He did not forward copies of these returns to the trustee. Later in the same month, the Sterkels brought their tax refund checks, unendorsed, to Lill's office. Lill had the Sterkels return to his office and endorse the checks. Lill's former secretary, Brenda Croy, put the checks in the clients' file. Lill cashed the federal tax refund check, which amounted to $840.52. At the disciplinary hearing, Lill stated the money was kept locked in

his desk drawer. The Disciplinary Administrator presented no evidence to indicate Lill converted these funds to his own use.

Croy filed the complaint in this case in July 1991. On August 1, 1991, Lill was provided with a copy of Croy's letter of complaint.

On August 8, 1991, Lill wrote to the bankruptcy trustee informing her of the amount of the refunds and requesting instructions on how to proceed in the bankruptcy action. On August 19, 1991, Lill obtained a money order payable to himself in the amount of $840.52. On August 20, 1991, Lill deposited the money order and the state income tax refund check in the amount of $53.81 into his trust account. On August 21, 1991, the trustee requested the refunds be sent to her within 10 days. On August 29, 1991, Lill complied and sent a check drawn on his trust account in the amount of both refunds, $894.33.

In a letter to the deputy disciplinary administrator, Lill explained he did not immediately deposit the tax refund checks into his trust account because both his personal and business accounts had been audited by the Internal Revenue Service in the spring of 1989. He owed the government $16,000 in back taxes. He explained the IRS had been aggressive in its efforts to collect the back taxes and he believed the IRS might contact the Sterkels and attempt to set off the refund amounts against his personal tax obligation if he deposited the tax refunds in his trust account. Lill acknowledged he made a poor decision by failing to deposit the funds into his trust account.

Following a hearing before a panel of the Kansas Board for Discipline of Attorneys, the hearing panel issued a report which stated the parties were in agreement that there was clear and convincing evidence Lill had violated MRPC 1.3 and MRPC 1.15. MRPC 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client." MRPC 1.15 provides in part:

"(a) A lawyer shall hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the State of Kansas. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer . . . ."

The panel was advised Lill was formerly disciplined by informal admonition on March 26, 1991, for alleged violations of MRPC 1.3 and 1.4 (1992 Kan. Ct. R. Annot. 251). In mitigation, Lill explained his secretary had quit during this time and he had undergone an extensive audit by the IRS. Lill fully cooperated with the Disciplinary Administrator throughout the course of the investigation in this case. Lill accepted full responsibility for his actions and apologized for his behavior. Since the time in question, Lill has worked diligently to pay the taxes he owes the government. By way of mitigation Lill explained he is a recovering alcoholic who has been alcohol-free since 1981. He has been active in community matters relating to alcohol abuse and served on the pre-planning committee to establish the Corner House Halfway House in Emporia. Lill further advised the panel the Sterkels continue to be his clients.

The panel unanimously recommended that Lill be disciplined by public censure pursuant to Supreme Court Rule 203(a)(3) (1992 Kan. Ct. R. Annot. 153) and that costs be assessed to Lill. In response to the panel's recommendation, Lill stated he agrees with and accepts the recommendation.

We find Lill violated MRPC 1.3 and MRPC 1.15 pursuant to the findings of the panel. We find he should be disciplined by public censure.

IT IS THEREFORE ORDERED that Don W. Lill be and he is hereby disciplined by this court by public censure for his previously enumerated violations of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this order be published in the official Kansas Reports.